UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICKEY CALHOUN,<br><br>                    Plaintiff,<br>    v.<br><br>WILLIAM BAILEY, CATHI HARRIS, JAMES CARTER,<br><br>                    Defendants. | No. C14-5089 RBL-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  August 8, 2014** |

Before the Court is Motion to Dismiss of Defendants William Bailey and Cathi Harris. Dkt. 15.  On March 27, 2014, Plaintiff Rickey Calhoun notified the Court that James Carter is deceased and that he will no longer pursue claims against him.  Dkt. 14.  Defendants request that the Court dismiss all of Plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(6) and that it treat Mr. Calhoun's notification as a voluntary dismissal of his claims against Mr. Carter pursuant to Fed.R.Civ.P. 41(a).

The undersigned recommends that Defendants' motion be granted, that Mr. Calhoun's claims against Defendants Bailey and Harris be dismissed with prejudice, and that Mr. Calhoun's voluntary dismissal of his claims against Defendant Carter be granted.

REPORT AND RECOMMENDATION - 1

## STATEMENT OF FACTS

For the purposes of this motion, the allegations contained in Mr. Calhoun's complaint (Dkt. 4) are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rickey Calhoun, the plaintiff in this 42 U.S.C. § 1983 action, is a sexually violent predator who was released to the community from the Special Commitment Center (SCC) on a less restrictive alternative order. Dkt. 4 at p. 1. He alleges that in December of 2010, while he was a resident of SCC, he received through public disclosure a copy of an e-mail sent by SCC Resident Advocate William Bailey to his supervisor, Operations of Support Services Division Director James Carter. Dkt. 4 at p. 5. According to Mr. Calhoun, the e-mail made "derogatory remarks" about him and indicated that Mr. Calhoun "had been placed on a treatment plan addendum to stay away from [Mr. Bailey] in the past for verbal harassment." *Id*. at pp. 5-6; Dkt. 16, p. 16 (e-mail dated June 20, 2010 from William Bailey to Jim Carter). Mr. Bailey sent this e-mail in response to his supervisor's inquiry regarding a resident abuse grievance that Mr. Calhoun had filed against Mr. Bailey on June 9, 2010. *Id.;* Dkt. 16 at p. 22.

After Mr. Calhoun received a copy of this e-mail, he attempted to discover whether such a treatment plan addendum had ever existed. *Id*. at pp. 6-7. After receiving additional public disclosure responses on the subject in February of 2011, he concluded that Mr. Bailey had lied to his supervisor in reporting that such an addendum had ever been in place. *Id*. at p. 7. Mr. Calhoun raised the issue of Mr. Bailey's purported dishonesty to Mr. Bailey's supervisor, Mr. Carter, as well as to SCC Associate Superintendent Cathi Harris, but neither responded to his accusations. *Id*.

//

//

REPORT AND RECOMMENDATION - 2

Mr. Calhoun claims that the foregoing allegations support causes of action against Defendants Bailey and Harris under 42 U.S.C. § 1983 and Washington state tort law. Specifically, he claims that (1) Defendant Bailey engaged in unconstitutional retaliation by misrepresenting facts to his supervisor after Mr. Calhoun filed an abuse complaint against him; (2) Defendant Harris was deliberately indifferent to the unconstitutional conduct of Defendant Bailey; and (3) Defendants Bailey and Harris intentionally inflicted emotional distress on him. *Id.* at pp. 9-13.

## STANDARD OF REVIEW

A court may grant a motion for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), *reh'g denied*, 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Where a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

REPORT AND RECOMMENDATION - 3

**DISCUSSION**

To state a claim under 42 U.S.C. §1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, (2) and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980).

**A.     First Amendment Retaliation**

To state a First Amendment retaliation claim, a plaintiff must show: "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Mr. Calhoun has failed to allege facts to support the first and fourth of these five criteria.

Mr. Calhoun has not alleged that a state actor took an adverse action against him. In a First Amendment retaliation case, an adverse action is "an act that is reasonably likely to deter [the plaintiff] from engaging in constitutionally protected speech." *Blair v. Bethel School Dist.*, 608 F.3d 540, 543 n.1 (9th Cir. 2010) (*quoting Coszalter v. City of Salem*, 320 F.3d 968, 970 (9th Cir. 2003)). The question is whether the alleged retaliation would "chill or silence a person of ordinary firmness" from continuing to speak out. *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999) (*quoting Crawford-El v. Britton*, 93 F.3d 813, 826 (D.C. Cir. 1996) (*vacated on other grounds by Crawford-El v. Britton*, 523 U.S. 574 (1998)).

REPORT AND RECOMMENDATION - 4

For an action to be adverse, it must at least threaten some harm to the plaintiff, if not cause actual harm. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). Mr. Calhoun alleges only that Defendant Bailey sent an e-mail containing false information about a prior treatment plan addendum to his supervisor. Dkt. 4 at 5-6. There was nothing "adverse" about this action in respect to Mr. Calhoun, as it did not threaten, impose, or result in any consequences to him. In fact, Mr. Calhoun was only aware of this communication because he sought it out through a public records request. *Id.*

In his response, Mr. Calhoun reaffirms that he relies exclusively upon the internal e-mail sent by Defendant Bailey to his supervisor James Carter (on June 20, 2010) to satisfy the adverse action element of his retaliation claim. Dkt. 16 at p. 7, p. 16. Even if Defendant Bailey misrepresented the existence of a prior treatment plan and regardless of his intent in doing so, the sending of this e-mail does not constitute an adverse action for purposes of a § 1983 retaliation claim because Mr. Calhoun has not alleged that it caused him any harm. *Watison, supra; see also Nolen v. Luoma*, No. 2:06-CV-125, 2008 WL 878920, at *9 (W.D. Mich. Feb. 11, 2008) (unpublished) (lying about interviewing a prisoner on grievance responses fails to constitute an adverse action for purposes of a retaliation claim).

Moreover, the e-mail cannot reasonably be viewed as an act likely to chill speech. In his response, Mr. Calhoun contends that "because of Defendant BAILEY'S actions Plaintiff did not write any more complaints against SCC personnel because of his fear of retaliation." Dkt. 16 at p. 8. However, in his complaint, Mr. Calhoun states that after he received a copy of the e-mail through public disclosure, he "wrote Defendants HARRIS and CARTER numerous times requesting that they do something about the actions and behavior of Defendant BAILEY," (Dkt. 4 at p. 7), and again in his response that "Plaintiff wrote Defendant HARRIS numerous times

REPORT AND RECOMMENDATION - 5

requesting that she do something about the actions and behavior of Defendant BAILEY as he had violated SCC and DSHS Administrative Policies." Dkt. 16 at p. 5.  Based on Mr. Calhoun's allegation it is clear that his speech was not chilled as a result of Defendant Bailey's e-mail.

Mr. Calhoun responds with the wholly conclusory and speculative allegations that his grievance *might* have been more favorably resolved had Defendant Bailey not made the alleged misrepresentation in the e-mail.  However, he fails to identify how he was harmed by the presumably unsatisfactory resolution.  He also alleges that misinformation about a prior treatment plan addendum *could have* been used to deny his release from the Special Commitment Center.  Dkt. 16 at p. 8.  At the time he filed his complaint, Mr. Calhoun had already been released from the SCC to the community on a Less Restrictive Alternative order.  Dkt. 4 at p. 1.

Speculative fear of harm is insufficient to state a claim for relief under § 1983.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").  Mr. Calhoun has not alleged a fear of future harm, let alone actual or threatened harm.

Even assuming all material allegations of Mr. Calhoun's complaint as admitted and liberally construing those allegations in his favor, Mr. Calhoun can prove no set of facts in support of his claim that the Defendants violated his First Amendment rights.  This claim should be dismissed.

**B.     Deliberate Indifference Claim – Defendant Harris**

Mr. Calhoun alleges that Defendant Harris was deliberately indifferent to his constitutional rights by not taking responsive action after learning of Defendant Bailey's

REPORT AND RECOMMENDATION - 6

e-mail. Dkt. 4 at pp. 10-12. Even assuming all of Mr. Calhoun's assertions are true, he has failed to state a claim upon which relief can be granted.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (internal citations omitted). Government officials, regardless of their title, can only be held liable under § 1983 for their own conduct and not the conduct of others. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Mr. Calhoun has not pleaded that the inaction of Defendant Harris subjected him to a deprivation of constitutional rights or in fact, that he was deprived of anything. He does not allege that Defendant Harris caused Defendant Bailey to send out allegedly false information in his e-mail or that she was even aware of the contents of the e-mail. Mr. Calhoun expressly acknowledges that "[n]ot once in his complaint did Plaintiff assert that Defendant HARRIS was responsible for Defendant BAILEY'S actions as he did them in secret and she is not his supervisor in any form or fashion," and that "nowhere in the complaint did Plaintiff assert that Defendant HARRIS was personally involved in Defendant BAILEY's constitutional violation." Dkt. 16 at p. 9.

Mr. Calhoun's deliberate indifference claim also fails because, as discussed above, he has not stated a claim of retaliation against Defendant Bailey. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (recognizing that in order to prove a § 1983 deliberate indifference claim against a supervisor, a plaintiff must show "the supervisor's knowledge of . . . unconstitutional

REPORT AND RECOMMENDATION - 7

conduct by his or her subordinates"). Because Mr. Calhoun has not sufficiently pleaded that Defendant Bailey engaged in unconstitutional conduct, there can be no meaningful corresponding allegation that Defendant Harris was deliberately indifferent to any conduct of constitutional significance.

Even assuming all material allegations of Mr. Calhoun's complaint as admitted and liberally construing those allegations in his favor, Mr. Calhoun can prove no set of facts in support of his claim of deliberate indifference against Defendant Harris. This claim should be dismissed.

**C.    Washington State Law Claim - Intentional Infliction of Emotional Distress**

Mr. Calhoun also contends that Defendant Bailey's conduct of sending the e-mail at issue to his supervisor was sufficiently outrageous to entitle Mr. Calhoun to relief under a state law theory of intentional infliction of emotional distress. Defendants contend that the claims are without merit.

The Supreme Court has stated that federal courts should refrain from exercising their pendent jurisdiction when the federal claims are dismissed before trial. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Because defendants are entitled to dismissal with respect to Mr. Calhoun's federal constitutional claims based on the same conduct, the state law claims should be dismissed without prejudice.

**D.    Dismissal Without Leave to Amend**

Although a district court should grant a plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995), "[d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment," *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051

REPORT AND RECOMMENDATION - 8

(9th Cir. 2008); *see also McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (leave to amend may be denied if amendment would be futile).

In his response, Mr. Calhoun introduces new allegations against Defendants Bailey and Harris. *See, e.g.*, Dkt. 16, p. 8 ("Without the knowledge coming to light that Defendant BAILEY lied on Plaintiff in the e-mail, it may have been misconstrued by an evaluator . . . and the false information could have been used to deny his release") and Dkt. 16, p. 10 (Defendant Harris "should have reported the matter of the violation of DSHS Administrative Policy by Defendant BAILEY as she is required to do as a mandated reporter.").

Dismissal of Mr. Calhoun's claims against Defendants Bailey and Harris without leave to amend is appropriate because there are no additional facts that could be alleged consistently with the present complaint that could state a claim. The basic premise of Mr. Calhoun's complaint cannot be cured by amendment; sending an e-mail containing inconsequential misinformation to a supervisor cannot amount to a constitutional claim, nor can a failure to address such an act after the fact. Because Mr. Calhoun fails to allege facts relating to Defendants Bailey and Harris or identified any amendment that could overcome the deficiencies of his legal claim against them, leave to amend need not be granted and his claims against Defendants Bailey and Harris should be dismissed with prejudice.

## CONCLUSION

|The undersigned recommends that Defendant's motion to dismiss (Dkt. 15) be **Granted** and Plaintiff's claims against Defendants William Bailey and Cathi Harris be **dismissed with prejudice**. Plaintiff's motion for voluntary dismissal of his claims against Defendant James Carter (Dkt. 15) should also be **Granted** and Plaintiff's claims against Defendant James Bailey **dismissed with prejudice.**

REPORT AND RECOMMENDATION - 9

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 8, 2014**, as noted in the caption.

**DATED** this  21st  day of July, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10